# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
TIMMINS SOFTWARE CORPORATION           :
d/b/a MITREND,
                                       :
          Plaintiff,                      Civil Action
     v.                                :  No. 19-12053-IT

EMC CORPORATION, DELL                  :
TECHNOLOGIES INC., and DELL INC.,
                                       :
          Defendants.
                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**[PROPOSED] STIPULATED ORDER
REGARDING THE USE OF TECHNOLOGY ASSISTED REVIEW**

This [Proposed] Stipulated Order Regarding The Use Of Technology Assisted Review ("TAR") is entered into by Plaintiff Timmins Software Corporation, and Defendants EMC Corporation, Dell Technologies, and Dell Inc. (collectively the "Parties") pursuant to the Order Governing E-Discovery Procedures (Docket No. 47) and, subject to entry by the Court, shall govern the Parties' TAR review of documents.  To the extent that a Party identifies issues that it contends will make compliance with any of the provisions of this proposed Stipulated Order impossible or overly burdensome, the Parties shall meet and confer regarding an appropriate and reasonable alternative and submit it to the Court for approval.

1.   General Description of TAR Process

   (a)   The Parties will utilize a model, such as Brainspace's CMML categorization module or Relativity Active Learning (RAL), to conduct a continuous active learning (also known as "TAR 2.0") review.  The Parties will utilize

commercially reasonable practices to perform the review workflow to find responsive documents.

(b)  The Parties have previously negotiated and reached agreement on search terms and custodians to limit the review scope to include those documents plus family members of those documents.

(c)  The Parties will review a random statistical (95% +/- 5) sample (an "Initial Richness Sample") to initially estimate the richness of the TAR review set (documents remaining after exclusions).  At the end of this step, the Parties will disclose the results of their Initial Richness Sample including the total number of documents sampled, and the number of documents coded relevant and not relevant.  If the Initial Richness Sample is less than 15% responsive for a Party, the Parties will discuss adaptations for a low richness review.

(d)  Following completion of the Richness Sample, the Parties shall create a seed set of conceptually diverse samples using either the Brainspace Influential Sample creation or Relativity Assisted Review stratified sampling function.  The Parties may additionally create a training round or pre-coded seed set by using the responsive and issue coding that each Party has created during its prior review for the completed production of documents to the other Parties, or by reviewing a sample taken from previously unreviewed data.

(e)  The Parties will monitor round precision ("Round Precision") throughout the review. For purposes of this review, Round Precision means responsiveness of high score or predicted responsive documents reviewed each round, not including family members or random documents automatically added by RAL.

 (f) When Round Precision has dropped and holds consistently at a sufficiently low percentage, the TAR review may be presumed finished. For purposes of this paragraph, the Round Precision percentage may be deemed sufficiently low to presume the review is finished when, over the course of review of the last 1,200 documents, responsiveness (i) is lower than 5%, (ii) is lower than the TAR review set Initial Richness Sample, and (iii) changes by less than 1%.

2. <u>Documents Excluded from TAR</u>

 (a) Documents deemed not suitable for TAR review due to filesize, filetype, document extension, or a processing exception reason (corrupt files or password protected) will be excluded from TAR review.

 (b) Documents identified as conceptually not suited to TAR may be excluded.

 (c) Reasons for exclusions with numbers of excluded documents will be catalogued and shared with the other Parties.

 (d) The Parties will conduct appropriate searches and/or reviews of excluded files.

 (e) Exclusions may be adjusted as needed throughout the review and shall be disclosed, including counts for documents excluded by each filetype.

3. <u>Quality Control</u>

 (a) The Parties' counsel and vendors will monitor the TAR workflow for recall, stability and consistency. A Party using Brainspace CMML will periodically perform Diverse Active sampling to ensure the health of the model. A Party using RAL will periodically review samples automatically taken by RAL from the unreviewed document population to ensure the health of the model. In addition, reviewed documents will be subject to a quality assurance process.

(b)  When a Party's review is presumed finished, the Party will sample to a statistical confidence level of 95% +/- 2.5 documents within the remaining unreviewed TAR set (which is presumed not responsive).  A Party using RAL shall not use the RAL Elusion Test to create or score this sample.  Family members of responsive documents might exist within this unreviewed set because the Parties may choose not to review all responsive document family members and only review those family members that are high-scored themselves or contain search term hits.  Using this sample, the Party will calculate the Elusion Rate.

(c)  Following completion of the elusion sampling, each Party will provide to the other:

   (i)   Number of documents reviewed;

   (ii)  Elusion Rate; and

   (iii) Recall

(d)  The Parties will meet and confer to discuss their results, and determine whether additional search or review may be appropriate and proportional.

5

| | |
|---|---|
| Dated:  September 15, 2020<br>        Boston, Massachusetts | Respectfully submitted, |
| /s/ Benjamin M. Stern<br>Benjamin M. Stern (BBO #646778)<br>Robert Hover (BBO #685975)<br>VERRILL DANA LLP<br>One Federal Street<br>Boston, Massachusetts 02108<br>(617) 309-2600<br>bstern@verrill-law.com<br>rhover@verrill-law.com<br><br>Sara Hirshon (BBO #662202)<br>VERRILL DANA LLP<br>One Portland Square<br>Union Street<br>Portland, Maine 04112<br>(207) 774-4000<br>shirshon@verrill-law.com<br><br>Counsel for Plaintiff<br>Timmins Software Corporation d/b/a Mitrend | /s/ Christopher G. Clark<br>Kurt Wm. Hemr (BBO #638742)<br>Christopher G. Clark (BBO #663455)<br>SKADDEN, ARPS, SLATE,<br>    MEAGHER & FLOM LLP<br>500 Boylston Street<br>Boston, Massachusetts 02116<br>(617) 573-4800<br>kurt.hemr@skadden.com<br>christopher.clark@skadden.com<br><br>P. Anthony Sammi (admitted *pro hac vice*)<br>Douglas R. Nemec (admitted *pro hac vice*)<br>SKADDEN, ARPS, SLATE,<br>    MEAGHER & FLOM LLP<br>One Manhattan West<br>New York, New York 10001<br>(212) 735-3000<br>anthony.sammi@skadden.com<br>douglas.nemec@skadden.com<br><br>Counsel for Defendants<br>EMC Corporation, Dell Technologies Inc., and Dell Inc. |

SO ORDERED:


Dated: _____, 2020                    _____
                                                  Indira Talwani
                                                  United States District Judge