UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TIMMINS SOFTWARE CORPORATION d/b/a
MITREND,

      Plaintiff,

 v.

EMC CORPORATION, DEFENDANTS
TECHNOLOGIES INC., and DEFENDANTS INC.,

      Defendants.

C.A. No. 19-12053-IT

**JURY TRIAL DEMANDED**

### TIMMINS SOFTWARE CORPORATION'S
### MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Pursuant to the Court's Amended Scheduling Order (Dkt. No. 56) and Fed. R. Civ. P. 15(a)(2), Plaintiff Timmins Software Corporation ("TSC") respectfully requests that the Court grant it leave to file a Second Amended Complaint.  As explained below, despite an almost two week meet-and-confer, and today's deadline to file this motion, Defendants have not committed to a position on this motion.  TSC therefore believes that (at least part of) this motion is opposed.

As grounds for this motion, TSC states as follows:

1.      On October 3, 2019, TSC filed a Complaint, which was never served on Defendants.  (Dkt. No. 1).  TSC filed an Amended Complaint on October 22, 2019 (Dkt. No. 5), which it served on Defendants that same day.  (Dkt. Nos. 7-9).  The Amended Complaint alleges that Defendants infringed (and are infringing) TSC's valid registered copyrights in what TSC has termed data collection "scripts" and data collection "procedures."  (Dkt. No. 5 at ¶¶ 60-62, 67).

2.      The Amended Complaint also disclosed that TSC seeking additional copyright registrations and that TSC reserved its right to add them in this action once the Copyright Office

issued those registrations.[1]  (Dkt. No. 5 at ¶ 73).  To that end, the proposed Second Amended

Complaint adds newly-obtained copyright registrations for:  (1) earlier versions of data collection

"scripts" already identified in the Amended Complaint; and (2) data collection "procedures" that

are a subset of a copyright registration (TX-8-765-805), which was already identified in the

Amended Complaint.[2]  The proposed Second Amended Complaint also makes number of minor

and non-substantive typographical corrections.

       3.       On December 13, 2019, Defendants filed a partial motion to dismiss some, but not

all, of TSC's claims in the Amended Complaint.  (Dkt. No 22).  On September 25, 2020, in

response to TSC's request and while Defendants' partial motion to dismiss was pending,

Defendants filed an Answer and Counterclaims.  (Dkt. No. 63).  TSC filed its Answer to

Defendants' Counterclaims on October 16, 2020.  (Dkt. No. 65).

       4.       The Court denied Defendants' partial motion to dismiss on November 24, 2020.

(Dkt. No. 67).  In response to the Court's ruling, Defendants stated that they were not filing a

responsive pleading, but instead were "rel[ying] upon" their earlier-filed Answer and

Counterclaims.  (Dkt. No. 70).

---

[1]     The Copyright Office must issue a copyright registration before a plaintiff can assert infringement in a pleading.  *See Fourth Estate Pubic Benefit Corp. v. Wall-Street.com LLC*, 139 S. Ct. 881, 887 (2019).  TSC met this requirement in the Amended Complaint as to the registrations that existed at that time, but obviously could not do so for any registrations that had not yet issued.  (Dkt. No. 5 at ¶¶ 60-62, 84; *see also id.* at Exs. 1-7 (attaching copyright registrations to the Amended Complaint)).

[2]     The Amended Complaint specifically identifies several of Defendants' data collection "procedures" as infringing, but lists a TSC copyright registration (TX-8-765-805) that includes not only the corresponding TSC data collection "procedures," but also other TSC data collection "procedures."  Even though the newly-registered data collection "procedures" that TSC is seeking to add to the Second Amended Complaint are subsets of this earlier registration, they are also separate and valid copyrights (as is the earlier registration).  TSC decided, for convenience and clarity in this litigation, to separate out these data collection "procedures" into individual registrations.

     TSC believes that it is not required to register earlier versions of its data collection "scripts" (because alleging infringement of the latest copyrighted versions is sufficient), and that it does not need to have separate registrations for each of the pertinent data collection "procedures."  TSC nevertheless is seeking, out of an abundance of caution, to add these newly-received copyright registrations to the Second Amended Complaint.  TSC, however, does not waive, and explicitly reserves, its rights on these issues.

5.      On April 23, 2020, the Court entered a Scheduling Order (Dkt. No. 51), which has

been amended several times.  (Dkt. Nos. 53, 56, 68).  Both the original Scheduling Order and the

current Amended Scheduling Order state that "[e]xcept for good cause shown, no motions

seeking leave to . . . amend the pleadings to assert new claims or defenses may be filed after 60

days following the date for the substantial completion of document production."  (Dkt. No 51 at

¶ 2; Dkt. No. 56 at ¶ 2).  The date for "substantial completion" of document production was

November 13, 2020;[3] the 60-day date for parties to seek leave to amend the pleadings (without

having to show "good cause") is today (January 12, 2021).  (Dkt. No. 56 at ¶¶ 1-2).

6.      Because this motion for leave is being filed within the time frame contemplated

by the Court's Amended Scheduling Order, it should be evaluated under Fed. R. Civ. P.

15(a)(2)'s liberal standard for allowing amendments to pleadings.  *See U.S. ex rel. D'Agostino v.*

*EV3, Inc.*, 802 F.3d 188, 192, 194 (1st Cir. 2015).

7.      Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave [to

amend] when justice so requires."  This standard reflects the "'liberal' amendment policy

underlying Rule 15."  *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 154 (1st Cir. 2004).

Reasons for denying a motion to amend include bad faith, undue delay, prejudice to the opposing

party, or futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In the absence of

these factors, a plaintiff "ought to be afforded an opportunity to test his claim on the merits" by

bringing all "proper subject[s] of relief."  *Id.*; *see, e.g., Hicks v. Mass. Dep't of Transportation*, --

F. Supp. 3d --, Civ.A.No. 19-11250-IT, 2021 WL 38276, at *1 n.3 (D. Mass. 2021); *Regis v. City*

*of Boston,* Civ.A.No. 19-10527-IT, 2020 WL 2838862, at *4 (D. Mass. June 1, 2020).  This is

particularly true where, as is the case here, the proposed amendments merely seek to add

---

[3]      Although the parties each produced a large volume of documents by November 13, 2020, they likely will
have additional, smaller document productions to make and they continue to discuss production of non-email
documents.

"relevant facts and corresponding arguments within one of [plaintiff's] already-existing claims."

*See Green v. Crosby*, 99 F. Supp. 3d 223, 226 (D. Mass. 2015).

8.      Because the copyright registrations that TSC seeks to add are simply earlier

versions of (or the same as) material that TSC has already registered, and which Defendants have

already been accused of infringing, the proposed Second Amended Complaint does not add any

new counts, causes of action, or parties; will not materially change the scope of discovery (which

is ongoing); and will not require the alteration of any deadlines in this case.  TSC's proposed

Second Amended Complaint is also not made in bad faith, is not the product of "undue delay,"

will not prejudice Defendants, will not delay resolution of this matter, and is not futile.  It

therefore meets the "leave freely given" standard of Fed. R. Civ. P. 15(a)(2).  *See, e.g., Foman,*

371 U.S. at 182; *D'Agostino*, 802 F.3d at 192; *O'Connell*, 357 F.3d at 154; *Hicks*, 2021 WL

38276, at *1 n.3; *Regis*, 2020 WL 2838862, at *4; *Green*, 99 F. Supp. 3d at 226.

9.      The proposed Second Amended Complaint is attached hereto as Ex. A, and a

blackline showing the differences between the Amended Complaint and the (proposed) Second

Amended Complaint is attached hereto as Ex. B.[4]

10.      On December 30, 2020, TSC sent Defendants an earlier draft of this motion,

along with the attached blackline comparison (Ex. B hereto), and asked Defendants if they would

assent to it.  *See* Ex. C at 2 (12/30/20 3:39 p.m. email; attachments omitted).  Because of the

Amended Scheduling Order deadline (January 12, 2021), TSC requested that Defendants inform

TSC, by January 8, 2021, their position on this motion.  *Id.*

11.      Defendants responded on January 4, 2021 and asked for a copy of "the new

---

[4]      So as not to clutter the docket, Ex. A (the proposed Second Amended Complaint) does not attach any of the copyright registrations identified therein as exhibits.  If the Court grants the instant motion, TSC will file these copyright registrations as exhibits to the Second Amended Complaint.  Should the Court require the copyright registrations as part of its consideration of the instant motion, however, TSC would be happy to provide them.

4

copyright registrations that [TSC is] proposing to attach to the Second Amended Complaint."

*See id.* at 1-2 (1/4/21 3:46 p.m. email). The next morning, TSC provided Defendants copies of

those registrations, which will be exhibits to the Second Amended Complaint, and asked for a

"prompt response on [TSC's] motion for leave to amend." *See id*. at 1 (1/5/21 9:02 a.m. email;

attachments omitted); *see also* Ex. D at 3 (1/5/2021 9:04 a.m. email).

12.     In an email on January 6, 2021, and again during a phone call on January 7, 2021,

TSC explained to Defendants that the (proposed) Second Amended Complaint did not seek to

add what TSC termed "new" data collection "procedures" and that TSC did not believe the

proposed amendments would alter discovery. Ex. D at 1 (1/6/21 8:20 p.m. email).

13.     During the January 7th call, Defendants stated that they appreciated TSC's

representations, but requested the "deposit copies" for the newly-registered data collection

"procedures" so that Defendants could "tick and tie" them to the deposit copy for the previously-

registered (and produced) data collection "procedures."[5] Defendants suggested that if they could

do this "ticking and tying," they likely would not oppose TSC's motion for leave to amend.

Although not required to do so, but under the good faith assumption that it would facilitate the

meet and confer process, TSC provided Defendants the aforementioned "new" deposit copies.

*See* Ex. E at 2-3 (1/7/21 2:52 p.m. email; attachments omitted).

14.     Defendants next asked TSC whether there were "documents in the parties'

productions that [TSC could] point us to that reflect (in your view) [Defendants'] alleged

infringement of those registrations." Ex. E at 2 (1/7/21 7:07 p.m. email). Although Defendants'

---

[5]      "In order to complete the registration process, and receive a certificate of copyright registration, a creator must submit to the Copyright Office 'a complete copy or phonorecord' of the work for which he seeks registration, often referred to as the 'deposit copy.'" *Torres-Negron v. J & N Records, LLC*, 504 F.3d 151, 156 (1st Cir. 2007) (quoting 17 U.S.C. § 408(b)). A plaintiff is not, however, required to attach a "deposit copy" to a pleading. Although Dell can obtain TSC's "deposit copies" from the Copyright Office (including the registration that contains the subset of the "new" data collection "procedures"), TSC produced them (months ago) to Dell as part of document discovery.

latest request went well beyond what is required for notice pleading, TSC, in a continued show of good faith, identified an earlier interrogatory response (from April 17, 2020) that answered this exact question. *Id.* at 1 (1/8/21 12:22 p.m. email).  TSC again requested a "prompt" response. *Id.*

15.     Defendants still did not provide TSC their position on this motion.  Rather, on the evening of January 8, 2021, Defendants instead stated – for the first time – that they were "similarly planning to file a motion to amend [Defendants'] answer, affirmative defenses and counterclaims in advance of the January 12 deadline," in which they would seek "to address the proposed new allegations in [TSC's] proposed second amended complaint and [would] add a counterclaim for declaratory judgment that the [TSC] copyright registrations are invalid."  Ex. F at 2 (1/8/21 6:30 p.m. email).  Although Defendants did not attach their proposed filings for TSC to consider, they nevertheless expressly conditioned Defendants' assent on this motion on TSC's assent to Defendants' (unseen) motion.

16.     After noting that it could not take a position on an unseen motion, TSC objected to Defendants' *quid pro quo* on this motion and Defendants' proposed motion.  *Id.* at 1 (1/8/21 8:21 p.m. email).[6]  TSC stated it would promptly consider Defendants' proposed motion when they provided a copy to TSC, but (again) asked Defendants their position on this motion.  *Id.*

17.     In an emails yesterday (January 11th), TSC requested Defendants' position on the Second Amended Complaint by 5:00 p.m. so that TSC would have sufficient time, in advance of the today's deadline, to revise its draft of this motion if Defendants were opposing it.  Ex. G at 3 (1/11/21 10:05 a.m. email); *id*. at 1-2 (3:26 p.m. email).  Defendants responded to TSC by

---

[6]     TSC also asked how, procedurally, Defendants, could seek to file a responsive pleading to the Second Amended Complaint prior to the Court granting TSC's motion for leave to amend, and before the (proposed) Second Amended Complaint is actually filed.  Of course, Defendants have an opportunity to file a responsive pleading if and when the Second Amended Complaint is filed in accordance with Fed. R. Civ. P. 15(a)(3).

sending their proposed "responsive" pleading and, again, conditioned their agreement not to oppose this motion on TSC's agreement not to oppose Defendants' yet-to-be provided motion. *Id.* at 2-3 (1/11/21 12:08 p.m. email; attachment omitted).

18.     Defendants sent TSC its proposed motion yesterday afternoon (but did not change its position regarding this motion).  *Id*. at 1 (1/11/21 3:53 p.m. email).  The parties subsequently exchanged several emails, and TSC agreed not to oppose the relief Defendants are seeking.[7]

19.     Because TSC could not agree to Defendants' *quid pro quo*, Defendants did not indicate a contrary position by the aforementioned 5:00 p.m. requested deadline (nor as of the filing of this motion), and TSC needed time to finalize this motion for filing today, TSC set about (last night) recasting its papers as opposed.

20.     At no time during the parties' meet-and-confer on this motion did Defendants indicate that they would oppose, or had any questions regarding, TSC's request to add newly-registered "earlier versions" of the data collection "scripts" to the Second Amended Complaint. As such, TSC believes that its request to add such material to TSC's (proposed) Second Amended Complaint is not opposed (and should be granted).

21.     If the Court allows the instant motion, TSC will separately file the Second Amended Complaint – along with all of the exhibits – on the docket forthwith.

**WHEREFORE**, TSC respectfully requests that the Court allow its Motion for Leave to File a Second Amended Complaint and grant it leave to file the Second Amended Complaint.

---

[7]     Defendants requested a response from TSC on their proposed motion by 4:00 p.m. today.  Before that deadline, TSC informed Defendants that it would not oppose the relief Defendants are seeking (to file the amended "responsive pleading" that Defendants previously sent TSC), but could not agree to the language in Defendants' motion.  Given Defendants' stated desire to file their motion today, TSC suggested that Defendants do so, indicating TSC's position, and that TSC would respond.

Respectfully submitted,

PLAINTIFF TIMMINS SOFTWARE
CORPORATION d/b/a MITREND

By its attorneys,

/s/ Benjamin M. Stern
Benjamin M. Stern, MA Bar # 646778
Robert Hover, MA Bar # 685975
Anuj Khetarpal, MA Bar # 679163
VERRILL DANA LLP
One Federal Street
Boston, Massachusetts 02108
(617) 309-2600
bstern@verrill-law.com
rhover@verrill-law.com
akhertpal@verrill-law.com

Sara Hirshon, MA Bar # 662202
VERRILL DANA LLP
One Portland Square
Union Street
Portland, Maine 04112
(207) 774-4000
shirshon@verrill-law.com

January 12, 2021

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

I hereby certify that, as further explained in the instant motion, on December 30, 2020, January 4, 2021, January 5, 2021, January 6, 2021, January 7, 2021, January 8, 2021, and January 11, 2021, and January 12, 2021 counsel for TSC conferred with counsel for Defendants in a good faith effort to narrow or resolve the issues raised in the instant motion, but were unable to narrow or resolve the outstanding issues.

Dated:  January 12, 2021                             /s/ Benjamin M. Stern
                                                     Benjamin M. Stern

## CERTIFICATE OF SERVICE

I, Benjamin M. Stern, hereby certify that, on January 12, 2021, I caused a service copy of the foregoing document to be sent electronically, through the ECF system, to the registered participants in this case, as identified on the Notice of Electronic Filing (NEF).

/s/ Benjamin M. Stern
Benjamin M. Stern