UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
TIMMINS SOFTWARE CORPORATION : 
d/b/a MITREND,
 :
        Plaintiff,         Civil Action
v. : No. 19-12053-IT

EMC CORPORATION, DELL :
TECHNOLOGIES INC., and DELL INC.,
 :
        Defendants.
 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**JOINT STATUS REPORT CONCERNING DOCUMENT
DISCOVERY AND JOINT MOTION TO AMEND SCHEDULING ORDER**

        Plaintiff Timmins Software Corporation and Defendants EMC Corporation, Dell Technologies Inc., and Dell Inc. (collectively, the "Parties") hereby jointly submit this status report and motion to: (1) update the Court on the progress that the Parties have made on document discovery; and (2) request that the Court adjust certain case event deadlines in the Scheduling Order (Docket No. 51), as subsequently amended (*see* Docket Nos. 56, 68), in light of the Parties' ongoing good faith efforts to complete discovery. To that end, the Parties have met-and-conferred and reached agreement regarding a Second Amended Scheduling Order. The Parties' Proposed Second Amended Scheduling Order is attached hereto as Exhibit 1.

        The Parties (Docket No. 52) initially requested that the Court adjust the deadline for the substantial completion of document discovery by two months, from June 5, 2020 to August 21, 2020, in light of, among other reasons, the difficulties, delays, and uncertainty occasioned by the COVID-19 pandemic. (Docket No. 53.) At that time, the Parties believed that a minor schedule adjustment to the substantial completion of document production date was reasonable and necessary, and that the remaining fact discovery deadlines would be able to

remain intact. Unfortunately, however, the complications caused by the COVID-19 pandemic proved more challenging than initially anticipated, leading the Parties to request an extension of other case deadlines, as well as a further extension of the date for substantial completion of document production. (Docket No. 54.)

As of the revised substantial completion of document production date (November 13, 2020), the Parties had each produced hundreds of thousands of pages of documents, which required substantial time to review and analyze. Additionally, over the subsequent months, the parties have continued to work together cooperatively to define the nature and scope of document production, and reach resolution on any outstanding objections or issues. These efforts, combined with continuing difficulties imposed by the COVID-19 pandemic, have caused a further unexpected delay in the completion of discovery in this matter.

As such, the Parties respectfully request that the Court adjust the Amended Scheduling Order to extend the remainder of the case event schedule to align with the approximate original timeline of events in the Amended Scheduling Order. The below chart compares the current and proposed deadlines:

| Case Event | Current Date | Proposed Date |
| --- | --- | --- |
| Completion of Fact Depositions | April 13, 2021 | September 22, 2021 |
| Completion of Fact Discovery (On All Claims, Counterclaims, and Affirmative Defenses) | April 20, 2021 | September 22, 2021 |
| Disclosure of Expert Witnesses and Reports | May 25, 2021 | October 27, 2021 |
| Disclosure of Rebuttal Expert Witnesses and Reports | June 29, 2021 | December 1, 2021 |
| Completion of Expert Discovery | July 27, 2021 | January 28, 2022 |
| Dispositive Motions Filed | August 12, 2021 | February 14, 2022 |
| Opposition to Dispositive Motions Filed | September 14, 2021 | March 18, 2022 |

| Reply Briefs to Dispositive Motions (if allowed) | September 21, 2021 | March 25, 2022 |

The Parties provide the following grounds for their request:

1. On January 29, 2020, the Parties jointly submitted a proposed scheduling order (Docket No. 31) in advance of a scheduling conference with the Court.

2. On February 5, 2020, the Parties appeared at a scheduling conference and, among other things, discussed the proposed scheduling order. During the conference, the Court indicated that the Parties' proposed dates seemed appropriate. As a result, the Parties began working within their proposed framework.

3. The following month, on March 10, 2020, Governor Baker issued a State of Emergency due to the COVID-19 pandemic. As the Court is aware, following Governor Baker's declaration of a State of Emergency, on March 12, 2020, this Court began issuing a series of notices and general orders acknowledging the pandemic and making adjustments to account for the pandemic. (E.g., In Re: Coronavirus Public Emergency Order Concerning Access to Court Facilities, D. Mass. General Order 20-1 (Mar. 12, 2020).)

4. On April 23, 2020, the Court entered a Scheduling Order (Docket No. 51) that adopted the Parties' previously-proposed deadlines.

5. On June 5, 2020, the Parties jointly filed a status report and motion to extend the deadline for substantial completion of document production to August 21, 2020. (Docket No. 52.) Because the Parties did not request an adjustment to the remainder of the case schedule, the time between "substantial completion" and the deadline for fact depositions was shortened by two months from the original schedule.

6. On June 8, 2020, the Court granted the Parties' joint motion for a limited extension of the deadline for the substantial completion of document production to August 21, 2020, but left all other deadlines unchanged. (Docket No. 53.)

7. On August 21, 2020, the Parties jointly filed a status report and motion to amend the scheduling order in light of ongoing complications and delays caused by the COVID-19 pandemic. (Docket No. 54.)

8. On August 24, 2020, the Court granted the Parties' joint motion and entered an Amended Scheduling Order. (Docket No. 56.)

9. On November 13, 2020, the Parties substantially completed document production, having each produced hundreds of thousands of pages of documents.

10. On January 15, 2021, following the "substantial completion" date, the Court granted the Parties leave to amend their respective claims and counterclaims. (Docket Nos. 78, 79.) Plaintiff filed its Second Amended Complaint that same day. (Docket No. 81.)

11. On January 29, 2021, Defendants filed their Answer to Plaintiff's Second Amended Complaint and Amended Counterclaims. (Docket No. 82.)

12. The Parties have continued to work to investigate their claims and defenses, review the large amount of material that has been produced in this case, and cooperatively resolve any outstanding objections or issues concerning fact discovery.

13. These activities, in connection with ongoing complications caused by the COVID-19 pandemic, have taken longer to complete than the Parties initially anticipated, which has caused delays in the ability of the parties to prepare for and conduct fact witness depositions. As such, the Parties believe that that an extension of the time to complete fact witness depositions is necessary and appropriate.

14. The remainder of the proposed deadlines are extended to maintain where practicable the spacing of events that the Parties initially contemplated and the Court allowed; certain deadlines have been further extended to account for scheduling difficulties and for the convenience of witnesses. A [Proposed] Second Amended Scheduling Order is attached hereto as Exhibit 1.

WHEREFORE, the Parties respectfully request that the Court amend the Amended Scheduling Order as indicated above and enter the [Proposed] Second Amended Scheduling Order submitted herewith. All other information in the Amended Scheduling Order will remain unchanged.

| | |
|---|---|
| Dated:  April 13, 2021<br>         Boston, Massachusetts | Respectfully submitted, |
| /s/ Benjamin M. Stern<br>Benjamin M. Stern (BBO #646778)<br>Robert Hover (BBO #685975)<br>VERRILL DANA LLP<br>One Federal Street<br>Boston, Massachusetts 02108<br>(617) 309-2600<br>bstern@verrill-law.com<br>rhover@verrill-law.com<br><br>Sara Hirshon (BBO #662202)<br>VERRILL DANA LLP<br>One Portland Square<br>Union Street<br>Portland, Maine 04112<br>(207) 774-4000<br>shirshon@verrill-law.com<br><br>Counsel for Plaintiff<br>Timmins Software Corporation d/b/a Mitrend | /s/ Christopher G. Clark<br>Kurt Wm. Hemr (BBO #638742)<br>Christopher G. Clark (BBO #663455)<br>SKADDEN, ARPS, SLATE,<br>   MEAGHER & FLOM LLP<br>500 Boylston Street<br>Boston, Massachusetts 02116<br>(617) 573-4800<br>kurt.hemr@skadden.com<br>christopher.clark@skadden.com<br><br>P. Anthony Sammi (admitted *pro hac vice*)<br>Douglas R. Nemec (admitted *pro hac vice*)<br>SKADDEN, ARPS, SLATE,<br>   MEAGHER & FLOM LLP<br>One Manhattan West<br>New York, New York 10001<br>(212) 735-3000<br>anthony.sammi@skadden.com<br>douglas.nemec@skadden.com<br><br>Counsel for Defendants<br>EMC Corporation, Dell Technologies Inc., and Dell Inc. |